**Soledad Cabiago SAMALA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–70045.

INS No. A72–400–171.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Soledad Cabiago Samala, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1]

We review factual determinations concerning a petitioner's eligibility for asylum under a substantial evidence standard, and we must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Because petitioner failed to demonstrate that she suffered past persecution or has well founded fear of future persecution on account of political opinion, substantial evidence supported the BIA's conclusion that petitioner was not eligible for asylum. *See id.* at 482–84, 112 S.Ct. 812; *see also Aruta v. INS*, 80 F.3d 1389, 1392, 1395 (9th Cir.1996) (affirming BIA's denial of asylum where petitioner had never been directly or indirectly the victim of any threat, or of any acts of aggression, harassment, or persecution, and where petitioner's family continues to reside openly in the country).

Because petitioner did not meet the standard for asylum, she could not satisfy

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRI-RA § 309(c)(1), *see Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000).

the standard for withholding of removal. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.